**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO CESAR SOARES ARAUJO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MARKWAYNE MULLIN, Secretary of the U.S.** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting Attorney General of the** | : | |
| **United States, CAMMILLA WAMSLEY,** | : | |
| **Philadelphia Office Director For Enforcement** | : | |
| **and Removal Operations, U.S. Immigration** | : | |
| **and Customs Enforcement,** | : | |
| **J. L. JAMISON, Warden of Federal** | : | |
| **Department of Corrections Philadelphia** | : | **NO. 26-2561** |

## ORDER

**NOW**, this 23rd day of April, 2026, upon consideration of Petitioner Julio Cesar Soares Araujo's Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Doc. No. 1) and the government's opposition, and the response, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.    Soares Araujo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.    The government shall release Soares Araujo from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **6:00 P.M. E.T.** on **April 23, 2026**.

3.    The government shall return all personal belongings confiscated from Soares Araujo upon his detention, including identification documents.

4.    The government is temporarily enjoined from re-detaining Soares Araujo for seven days following his release from custody.

5.      If the government pursues re-detention of Soares Araujo, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Soares Araujo from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Soares Araujo is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Soares Araujo if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1]  Soares Araujo, a Brazilian national, entered the United States without inspection in April 2021. Pet. Writ Habeas Corpus 3, ECF No. 1.  He has been in the United States since 2021. *Id.* at 5.  He lives in Philadelphia with his wife, a Legal Permanent Resident. *Id.* They have a pending I-130 Petition. *Id.*  Soares Araujo has no criminal record. *Id.* at 3.

On April 18, 2026, Soares Araujo was approached by Immigration and Customs Enforcement ("ICE") agents while at a gas station. *Id.*  They said he would be detained, and took him home to retrieve his passport before being taken into custody. *Id.*  At his house, his wife explained they had a pending I-130. *Id.*  Nevertheless, Soares Araujo was taken into custody. *Id.*  He has since been held at either the ICE facility or Federal Detention Center in Philadelphia. *Id.*

The government has denied Soares Araujo the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk.  *See id.* 5; Respondents' Opp'n to Pet. for Writ of Habeas Corpus ("Opp'n") 8, ECF No. 5.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See id.*

Section 1225(b)(2) does not apply to individuals like Soares Araujo, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Soares Araujo is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.